Cause No









Cause No. 14-06-00262-CV, Dismissed as Moot; Cause No.
14-06-00284-CV, Petition for Writ of Mandamus Conditionally Granted; Memorandum
Opinion filed November 7, 2006.   

 

 

In The

 

Fourteenth Court of Appeals

 

_______________

 

NO. 14-06-00262-CV

_______________

 

D.R. HORTON, INC., Appellant 

V.

BRENDA HATTON, Appellee

                                                                                                                                               


On Appeal from the 152nd District Court 

 Harris County, Texas

Trial Court Cause No. 05-66093

                                                                                                                                               


_______________

 

NO. 14-06-00284-CV

_______________

 

IN RE D.R. HORTON, Relator

 

                                                                                                                                               


ORIGINAL PROCEEDING

WRIT OF MANDAMUS

                                                                                                                                               









 

M E M O R
A N D U M  O P I N I O N

The
enforceability of the arbitration clause contained in D.R. Horton, Inc.=s employee handbook acknowledgment
form is again before this Court.  In
Cause No. 14-06-00262-CV, an interlocutory appeal, and Cause No.
14-06-00284-CV,[1]
a petition for writ of mandamus, D.R. Horton seeks relief from the trial court=s order denying its motion to compel
arbitration pursuant to the arbitration clause.          

Brenda
Hatton, the appellee and real party in interest in the subject cases, began
working for D.R. Horton in June of 1997 and signed its AEmployee Acknowledgment Form@ (AEAF@) in 2001, which contained, among
other matters, the arbitration clause at issue here.  In 2005, Hatton filed suit against D.R.
Horton, asserting a discrimination claim under the Texas Labor Code and a
breach of contract claim.  D.R. Horton
filed a motion to compel arbitration, and the trial court denied the
motion.    

In the
subject cases, D.R. Horton argues that the trial court abused its discretion by
denying arbitration because the arbitration clause is valid and covers the
parties= dispute.  Hatton argues the arbitration provision
contained in the EAF is unenforceable because it is illusory, unconscionable,
and its terms are too indefinite to form a binding contract.  These are the same arguments made and
addressed in our opinion issued on November 2, 2006, in D.R. Horton, Inc. v.
Brooks, Cause No. 14-06-00099-CV, and In re D.R. Horton, Inc., Cause
No. 14-06-00152-CV.[2]  In that opinion, we determined the
arbitration clause was valid.  We
conditionally granted D.R. Horton=s petition for a writ of mandamus and
dismissed its interlocutory appeal as moot. 
Because the facts and legal arguments in the subject consolidated cases
are the same as those addressed in our November 2, 2006 opinion, that opinion
is controlling and we cite the parties to it. 









For the
reasons stated in our November 2, 2006 opinion, we conclude that the trial
court abused its discretion in failing to order Hatton to arbitrate her claims
against D.R. Horton pursuant to the arbitration agreement between the parties.
Accordingly, we conditionally grant D.R. Horton=s petition for writ of mandamus in
Cause No. 14-06-00284-CV and direct the trial court to vacate the order denying
D.R. Horton=s motion to compel and to enter an
order compelling the parties to arbitration. The writ will issue only if the
trial court fails to comply with this opinion. 
Having granted full relief under our mandamus jurisdiction, we dismiss
as moot D.R. Horton=s interlocutory appeal, Cause No. 14-06-00262-CV.  See In re D. Wilson Constr. Co., 196
S.W.3d 774, 780 (Tex. 2006) (orig. proceeding).

 

 

 

/s/        Eva
M. Guzman, 

Justice 


 

 

Petition for Writ of Mandamus Conditionally Granted
and Memorandum Opinion filed November 7, 2006.

Panel consists of Chief Justice Hedges, and Justices
Yates and Guzman. 











[1]We have consolidated the cases for purposes of our
review.





[2]The arbitration clause and other provisions contained
in the EAF at issue here are set forth in our opinion dated November 2, 2006;
except for minor grammatical differences, the EAF signed by Hatton is the same
as that set forth in the November 2 opinion.